Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000106
26-APR-2013
09:21 AM

NO. CAAP-12-0000106

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DANIEL S. NAKANO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-11-02743)


SUMMARY DISPOSITION ORDER[1]
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Daniel S. Nakano (Nakano) appeals from the January 23, 2012 Judgment entered by the District Court of the First Circuit, Honolulu Division (District Court).[2]

Nakano was charged with Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3) (2007) arising from an incident occurring on June 10, 2011. Nakano entered a conditional change of plea to no contest as to HRS § 291E-61(a)(1), stipulating to a factual basis, and reserving for appeal the issue raised herein. Nakano did not enter a plea to HRS § 291E-61(a)(3). The District Court accepted Nakano's no contest plea on HRS § 291E-61(a)(1), and entered a judgment of conviction on subsections HRS § 291E-61(a)(1), (a)(3) and/or (b)(1).[3]

---

[1] The previous April 17, 2013 Summary Disposition Order was vacated by the April 26, 2013 Order Granting Motion for Reconsideration.

[2] The Honorable Lono Lee presided.

[3] The change-of-plea colloquy appears to indicate that the District Court believed that Nakano was entering a plea to the "original charge."

On appeal, Nakano, in his opening brief, does not contest the conviction as to HRS § 291E-61(a)(3), but contends that the District Court erred in failing to grant his oral motion to dismiss the complaint for OVUII under HRS § 291E-61(a)(1) because it did not allege a state of mind. Nakano sought "that the case be dismiss[ed] by the District Court for lack of jurisdiction because the Complaint fails to state a proper charge."

Plaintiff-Appellee State of Hawai'i (State) argues that Nakano should be permitted to withdraw his plea as to HRS § 291E-61(a)(1), but that the conviction under HRS § 291e-61(a)(3) should be affirmed.

In his reply brief, Nakano disagrees with the State that his conviction under HRS § 291E-61(a)(3) could be affirmed, arguing that he did not plead to that subsection, that there is no reason to address the (a)(3) charge, and that the entire complaint should be dismissed without prejudice.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Nakano's point of error as follows.

Based on the Hawai'i Supreme Court's decision in State v. Nesmith, 127 Hawai'i 48, 61, 276 P.3d 617, 630 (2012), we conclude that the complaint was sufficient to charge OVUII in violation of HRS § 291E-61(a)(3), but was insufficient to charge OVUII in violation of HRS § 291E-61(a)(1). Thus, no effective charge against Nakano under HRS § 291e-61(a)(1) existed, but the State was entitled to proceed to trial on the OVUII offense charged under HRS § 291E-61(a)(3). However, where no trial ensued on the (a)(3) offense, and where Nakano neither entered a no contest plea nor stipulated to a factual basis for the OVUII charge under HRS § 291E-61(a)(3), no proof has yet been adduced to support a conviction under HRS § 291E-61(a)(3), and said conviction cannot be sustained. Therefore,

IT IS HEREBY ORDERED THAT the Judgment filed on January 23, 2012 in the District Court of the First Circuit is vacated, and the case is remanded to the District Court for

2

proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, April 26, 2013.


On the briefs:

Samuel P. King, Jr.
for Defendant-Appellant.

Presiding Judge

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Associate Judge


Associate Judge

3